

FILED by JA D.C.

Mar 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20160-CR-UNGARO/REID

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

LEONEL RIVERO,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1.     Defendant **LEONEL RIVERO** was a resident of Miami-Dade County, Florida. **RIVERO** was the principal and registered agent of Rivero Tax Group Inc., a Florida corporation registered on or about May 2, 2016. Rivero Tax Group was a tax preparation business.

2.     The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020, to provide financial assistance to Americans suffering economic harm from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program (PPP).

3.     Among the types of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. Such individuals were eligible to receive

a maximum PPP loan of up to $20,833 to cover lost compensation or income from the sole proprietorship.

4. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service (IRS) on Form 1040, Schedule C, for a given tax year.

5. The CARES Act required PPP loan applications to be processed by a participating lender. If a PPP loan application was approved, the participating lender would fund the PPP loan using its own monies, which were guaranteed by the Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA in the course of processing the loan.

6. SBA Loan Processor 1 was a financial-technology company based in California. SBA Loan Processor 1 participated in the PPP by, among other things, acting as a service provider for small businesses and certain lenders. Small businesses seeking a PPP loan could apply through SBA Loan Processor 1, which would review the PPP loan applications. If a PPP loan application received was approved for funding, a partner financial institution disbursed the loan funds to the applicant. Under the PPP, the SBA agreed to guarantee loans provided by participant lenders under certain conditions.

7. Wells Fargo Bank, N.A. (Wells Fargo) was a federally insured financial institution based in South Dakota.

8. Rivero Tax Group Inc. maintained bank accounts at Wells Fargo in Miami, Florida.

2

## Wire Fraud
## (18 U.S.C. § 1343)

From in or around May 2020, through in or around June 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LEONEL RIVERO,

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

It was the purpose of the scheme and artifice for the defendant and his accomplices to unjustly enrich themselves by submitting false and fraudulent PPP loan applications to SBA Loan Processor 1—which contained false income and expense information—and then use the subsequent loan proceeds for their own personal benefit.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant, **LEONEL RIVERO**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

9. **LEONEL RIVERO** submitted to SBA Loan Processor 1 approximately 118 PPP loan applications on behalf of himself and his accomplices. Combined, the 118 PPP loan applications sought approximately $2,334,064 in PPP loan funds.

10. On each PPP loan application, **LEONEL RIVERO** falsely stated the named

applicant's prior-year income and expenses. In support, **RIVERO** repeatedly submitted false and fraudulent IRS forms, which purported to document income and expenses from the named applicant's sole proprietorship.

11. **LEONEL RIVERO** and his accomplices received approximately $975,582 in PPP loan funds as a result of the false and fraudulent PPP loan applications **RIVERO** submitted.

## USE OF THE WIRES

On or about May 15, 2020, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, that is, an electronic application from South Florida, to SBA Loan Processor 1, in California, for a PPP loan in the name of **LEONEL RIVERO**, in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **LEONEL RIVERO**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, the following: a sum of $975,582.00 in U.S. currency, which sum represents the value of the property subject to forfeiture and which may be sought as a forfeiture money judgment; and

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), which substitute property includes but is not limited to, the following:

      a. $197,611.01 formerly on deposit in account number 6079717002 at Wells Fargo Bank, N.A., held in the name of Rivero Tax Group, Inc.; and

      b. approximately $773,600.00 in U.S. currency seized from the defendant's residence on or about September 28, 2020.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

_____
DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
DELLA SENTILLES
TRIAL ATTORNEY, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LEONEL RIVERO,

    Defendant.    /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)         Yes ___   No ___
Number of new defendants ___
Total number of counts   ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    0 to 5 days      ✓            Petty       ___
   II   6 to 10 days     ___          Minor       ___
   III  11 to 20 days    ___          Misdem.     ___
   IV   21 to 60 days    ___          Felony      ✓
   V    61 days and over ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge                          Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No.
   Related miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached            FL Bar No. 91337                    REV 6/5/2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** LEONEL RIVERO

**Case No:** _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**         Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Leonel Rivero, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael Mirer, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*