UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20160-CR-KMW

UNITED STATES OF AMERICA

vs.

LEONEL RIVERO,

    **Defendant.**

_____/

**GOVERNMENT'S CORRECTIONS AND OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

The United States, by and through the undersigned counsel, files the following corrections and objection to Defendant Leonel Rivero's ("Defendant['s]") Presentence Investigation Report ("PSI"). Since the filing of the PSI, the United States has obtained additional information that impacts the forfeiture money judgment amount, the restitution amount, and the offense conduct provided in the PSI. In addition, the United States respectfully submits that a two-level increase to the offense level pursuant to Section § 2B1.1(b)(12) of the Guidelines is not applicable because the offense did not involve conduct described in 18 U.S.C. § 1040.

**DISCUSSION**

First, the government submits that the correct forfeiture money judgment amount is $903,665.56 and not $975,582.00 as the government initially represented. (PSI ¶¶ 4). To determine the forfeiture money judgment amount, the government relied on a spreadsheet with data obtained from Square Capital, LLC ("Square"), which summarized information regarding the Paycheck Protection Program ("PPP") loans the Defendant submitted to Square, including the total

1

amount paid. That spreadsheet reflected that the total paid amount for the 47 funded loans was $975,582.00. However, upon further review, it appears that this spreadsheet inadvertently listed four of the funded loans twice, resulting in the double counting of some of the loan amounts. Thus, the correct total is $903,665.56. As such, the government respectfully submits that the forfeiture money judgment amount in Paragraph 4 of the PSI and the disbursement total in Paragraphs 21 and 35 of the PSI should be changed to reflect the correct total of $903,665.56 as is consistent with the Amended Preliminary Order of Forfeiture, ECF No. 28.

Second, the government respectfully submits that the total restitution amount is $1,085,901.56. This amount includes $903,655.56 for the 47 PPP loans obtained from Square; $32,336.00 for the one PPP loan obtained from Wells Fargo Bank ("Wells Fargo"); and $149,900 got the Economic Injury Disaster Loan ("EIDL") obtained from the Small Business Administration ("SBA").[1] Whether restitution is owed to the lender or to the SBA depends on whether the loan at issue was forgiven by the SBA. Based on information provided by Square and the SBA, the government understands that of the $903,655.56 in funded PPP loans from Square, $765,059.15 was forgiven. As such, Square is owed approximately $118,291.71 in restitution and the SBA is owed $765,059.15 in restitution for the Square loans at issue. In addition, the SBA is owed $149,900 in restitution for the EIDL, which makes the total amount of restitution owed to the SBA $914,959.15. Finally, the $32,336 in PPP loan funds from Wells Fargo was not forgiven. As such, $32,336 in restitution is owed to Wells Fargo.

Third, since the filing of the PSI, the government has learned that the Defendant filed applications seeking loan forgiveness for loans that he knew were fraudulent. The government

---

[1] The PSI states that the amount of the EIDL was $150,000. (PSI ¶ 31). Upon review of the Defendant's bank records from Wells Fargo, the government submits that the total amount funded was $149,900.

respectfully submits that this new information should be considered by the U.S. Probation Office and the Court as relevant conduct. Specifically, according to information obtained from Square, Square received applications seeking loan forgiveness for 46 of the 47 funded PPP loans. This included an application for loan forgiveness by Defendant, which was submitted to Square on or about November 16, 2020—just a few weeks after law enforcement conducted a search warrant of Defendant's residence in connection with this matter. As a result of his application for loan forgiveness, Defendant's own loan from Square in the amount of $15,371.01 was forgiven. In addition, according to IP information provided by Square, three other applications seeking loan forgiveness were submitted using the same IP address that Defendant used to submit the 118 PPP fraudulent loan applications. All three of these loans were forgiven at least in part. Further, according to information obtained from Wells Fargo and the SBA, Defendant also submitted an application seeking loan forgiveness for the PPP loan he received from Wells Fargo. This loan forgiveness application was denied. Again, the application appears to have been submitted after the search warrant of Defendant's residence. The government respectfully submits that this new information—that Defendant submitted applications seeking loan forgiveness for loans that he knew were fraudulent and submitted those applications after he was visited by law enforcement—should be included as relevant conduct in the PSI.

  Finally, the government submits that a two-level increase to the offense level, pursuant to Section 2B1.1(b)(12) of the Sentencing Guidelines is not applicable. Section 2B1.1(b)(12) applies if the offense involved conduct described in 18 U.S.C. § 1040, which prohibits fraud in connection with major disaster or emergency benefits. However, 18 U.S.C. § 1040 concerns fraud involving any benefit provided in connection with a major disaster declaration or an emergency declaration under the Robert T. Stafford Disaster Relief and Emergency Act. *See* 18

U.S.C. § 1040(a)(2). Here, the PPP loan funds and EIDL funds were not provided in connection with a major disaster declaration or an emergency declaration pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistance Act. Since the offense did not involve conduct described in 18 U.S.C. § 1040, Section 2B1.1(b)(12) of the Guidelines is not applicable.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the PSI be amended to correct the forfeiture money judgment amount to $903,665.56 and to include the restitution amount of $1,085,901.56 as well as the new information regarding Defendant's submission of applications for loan forgiveness. The United States further requests removing the two-level increase to the offense level pursuant to Section 2B1.1(b)(12) of the Guidelines.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief
U.S. Department of Justice
Criminal Division, Fraud Section

*/s/ Della Sentilles*
DELLA SENTILLES
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
Office: (202) 445-8793
Email: Della.Sentilles@usdoj.gov