UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  21-20160-cr-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONEL RIVERO,

    Defendant.
_____/

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant, LEONEL RIVERO, hereby files his objections to his Pre-Sentence Investigation Report (hereinafter "PSI") and in support states:

**Paragraph 35:** Rivero objects to the allegation that $975,582 was disbursed *to* him. As noted in Paragraph 21, 47 of the 118 applications were funded "resulting in the disbursement of $975,582 to the ***applicants***' accounts at seven different financial institutions."  (Emphasis added).

**Paragraph 45:** Rivero objects to Probation's assessment that a two level enhancement pursuant to § 2B1.1(b)(12) is warranted "[b]ecause the offense involved conduct described in 18 U.S.C. § 1040 (fraud in connection with major disaster or emergency benefits)."  Rivero's offense conduct did not involve the conduct described in 18 U.S.C. § 1040 which prohibits fraud in connection with benefits obtained under a Robert T. Stafford emergency or major disaster declaration.  The PPL loans do not fall in this category and, therefore, the enhancement does not apply.  The government has lodged the same objection to this enhancement.

**Paragraph 47:** Rivero objects to the determination that a mitigating role adjustment is not warranted. When a defendant plays a less culpable role than others in concerted activity, the Sentencing Guidelines provide for a reduction in the offense level:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a)   If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.
>
> (b)   If the defendant was a minor participant in any criminal activity, decrease by **2** levels.
>
> In cases falling between (a) and (b), decrease by **3** levels.

U.S.S.G. § 3B1.2 (Emphasis in original). The Application Notes instruct that a reduction applies where the participant is substantially less culpable than the average participant. To illustrate this point, the commentary provides:

> <Likewise, a defendant who is accountable under § 1B1.3 for a loss amount under § 2B1.1 (Theft, Property Destruction, and Fraud) ***that greatly exceeds the defendant's personal gain*** from a fraud offense or who had limited knowledge of the scope of the scheme may receive an adjustment under this guideline. For example, a defendant in a health care fraud scheme, whose participation in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, may receive an adjustment under this guideline.>

Application Note 3(A)(emphasis added). Similarly, the commentary notes that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." Application Note 3( C). "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." Application Note 3( C).

Rivero is just the type of participant that is the focus of this guideline. Rivero

acknowledges that he is responsible for preparing the 118 loan applications. Those loan applications sought a total of $2,334,064 for which Rivero is being held fully accountable under the guidelines. However, Rivero was paid by the applicants a fee to perform a task - - prepare the loan application. While those applicants directly received thousands of dollars, 47 were funded for a total of $975,582, Rivero received approximately $500 - $700 for each application that was funded. That means Rivero received approximately $31,000[1] of the more than $2 million in loan applications for which he is being held accountable. In other words, the amount for which Rivero is being held accountable (which results in a much higher guideline than it would be if based on the amount Rivero actually received) greatly exceeds the amount Rivero personally gained from the offense. Thus, a three-level reduction in his offense level is warranted.

**Paragraphs 49 and 53:** These paragraphs set forth the "Adjusted Offense Level" and Total Offense Level which are at least 2 levels higher than they should be because Probation has added a 2-level enhancement that the parties agree does not apply. Accordingly, Rivero asks this Court to calculate his advisory guideline range as follows:

| | |
|---|---|
| Base Offense Level | 7 |
| Increase under § 2B1.1(b)(1)(E) | +16 |
| Adjustment for Role in the Offense | -3 |
| Adjustment for Acceptance of Responsibility | <u>-3</u> |
| Total Offense Level | 17 |

---

[1] Rivero did receive money for his own applications. However, the applications submitted for the other (uncharged) participants total more than $2 million for which Rivero received approximately $31,000.

With a total offense level of 17 and a criminal history category of I, Rivero's advisory guideline range is 24 to 30 months.

                                                                        Respectfully submitted,

                                                                         */s/ Michael Mirer*
                                              **MICHAEL MIRER, ESQ.**
                                              100 N. Biscayne Blvd.,
                                              Suite 1300
                                              Miami, Florida 33130
                                              Telephone:   (305) 536-6177
                                              Facsimile:   (305) 536-6179
                                              E-mail:   michael@mirerlaw.com
                                              Florida Bar No. 119490

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all counsel of record using the cm/ecf filing system this 28th day of October, 2021.

                                                                         */s/ Michael Mirer*
                                            **MICHAEL MIRER, ESQ.**